A CERTIFIED TRUE COPY
ATTEST

By April Layne on Aug 12, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Aug 12, 2008**

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**IN RE: UICI "ASSOCIATION-GROUP" INSURANCE LITIGATION**

|   |   |   |
|---|---|---|
| Kathleen Ansley, et al. v. HealthMarkets, Inc., et al., | ) | |
| E.D. North Carolina, C.A. No. 5:08-88 | ) | MDL No. 1578 |

**TRANSFER ORDER**

**Before the entire Panel**: Plaintiffs move, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our order conditionally transferring their action to the Northern District of Texas for inclusion in MDL No. 1578. Defendants Mid-West National Life Insurance Co. of Tennessee and the Alliance for Affordable Services oppose the motion to vacate.

After considering all argument of counsel, we find that this action involves common questions of fact with the actions in this litigation previously transferred to the Northern District of Texas, and that transfer of this action to the Northern District of Texas for inclusion in MDL No. 1578 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Northern District of Texas was a proper Section 1407 forum for actions involving allegations that the defendants engaged in a scheme to sell so-called association-group insurance by, *inter alia*, fraudulently concealing relationships between certain insurance companies and two purported not-for-profit associations and making fraudulent misrepresentations in connection with the marketing of memberships in the associations. *See In re UICI "Association-Group" Insurance Litigation*, 305 F.Supp.2d 1360 (J.P.M.L. 2004).

Plaintiffs can present their motion to remand to state court to the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable A. Joe Fish for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

- 2 -

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen |